1WOOD ARP, J.,
dissenting.
I respectfully dissent from the majority’s opinion.
As the majority recognizes, jurisprudence has carved out two exceptions to the abandonment statute. The exception implicated in the instant case is that when circumstances beyond a litigant’s control are the cause of her failure to prosecute, she should not suffer the harsh remedy of dismissal. However, because this is a jurisprudential exception, courts have used it sparingly. In doing so, the courts require a stringent showing that circumstances were sufficiently serious and beyond the litigant’s control that she was unable to act on her own behalf in prosecuting the suit.
Other circuits have used two specific examples to suggest the type of circumstances which would satisfy such a stringent showing; namely, when a litigant is in the armed forces or confined to a mental institution. Notwithstanding, while courts have used these two instances to demonstrate the level of extremity that is necessary before granting the litigant relief, they are examples, only. I do not believe that these two situations comprise an exclusive list of instances which satisfy the Igdefinition of “circumstances beyond a litigant’s control.” Rather, I believe we must make the determination on a case-by-case basis.
It is obvious in the instant case that Ms. Pecot never intended to abandon her suit. In fact, she was dogged in her attempts to ensure its progress and, as far as she knew, she did everything within her control to further it. I find that her circumstances and attempts justify an exception to abandonment, particularly in light of her exhaustive efforts to contact her attorney, her belief that she could not change attorneys, as well as her prolonged mental instabilities for which her psychiatrist stat *63 ed rendered her incapable of (rationally) handling her affairs.